UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

04-CR-6126T

                    v.                          **DECISION
                                                and ORDER**

MICHAEL GRAY,

                         Defendant.
_____

INTRODUCTION

Defendant Michael Gray ("Gray") is charged in a two-count indictment with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).  By Order dated August 23, 2004, this case was referred to Magistrate Judge Marian W. Payson for pretrial proceedings.  On January 13, 2005, Gray filed an omnibus motion seeking, inter alia, suppression of statements made to police officers while being held in custody following his arrest but prior to being advised of his Miranda rights, and statements made during a subsequent interrogation.

Over the course of three days, from February 17, 2005 to March 24, 2005, Judge Payson held a hearing with respect to defendant's motion to suppress.  By Report and Recommendation dated June 9, 2005, Judge Payson recommended that defendant's motion to suppress be denied.  On August 5, 2005, defendant timely filed objections to

Judge Payson's Report and Recommendation, contending that the Magistrate erred in denying his motion to suppress evidence. Specifically, defendant argues that Judge Payson erred in determining that there was probable cause for his arrest. He contends that because there was no lawful basis for attempting to stop him, or subsequntly to arrest him, any evidence obtained following the arrest is tainted. Defendant also contends that Judge Payson erred in determining that statements made by the defendant while in custody but prior to being read his <u>Miranda</u> rights should not be suppressed. For the reasons set forth below, I affirm and adopt Judge Payson's Report and Recommendation in its entirety, and deny defendant's motion to suppress.

<u>STANDARD OF REVIEW</u>

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations. After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1). A district court, however, may not reject the credibility findings of a Magistrate Judge without conducting an evidentiary hearing in which the district court has the

opportunity to observe and evaluate witness credibility in the
first instance.  Cullen v. United States, 194 F.3d 401 (2nd Cir.
1999).  I apply these standards to the following analysis.

BACKGROUND

The facts relevant to defendant's motion to suppress were set
forth in detail in Judge Payson's June 9, 2005 Report and
Recommendation, and familiarity with those facts is presumed.  In
summary, on August 12, 2003, police prepared to execute a search
warrant at defendant's residence located at 334 Durnan Street in
the City of Rochester.  Prior to execution of the warrant, police
observed the defendant exit his home and walk towards Carter
Street.  A marked patrol car pulled up next to the defendant, and
he allegedly fled upon seeing the vehicle.  Officer Munoz of the
Rochester Police Department exited his vehicle and chased the
defendant on foot.  He allegedly saw the defendant discard a
plastic baggie during the chase.  Officer Munoz eventually
apprehended the defendant, and requested assistance from another
officer to attempt to retrieve the baggie.  Officer Angel Vasquez
located the baggie, which appeared to contain marijuana.  At that
time, Officer Vasquez took Gray into custody, and placed Gray in
the back of his patrol vehicle.  Officer Vasquez returned to 334
Durnan Street, (the defendant's residence), where the search
warrant was being executed.  Although Vasquez had not informed
defendant of his Miranda rights, Vasquez asked the defendant his

name and other identifying information.  While in custody in the patrol vehicle, Gray apparently observed a rifle being removed from the residence and exclaimed "Damn, I just fucked up my girl." Without any questioning, Gray further stated that he had found the rifle in a garbage bin, and brought it to his home to keep it away from children.

Gray was taken to the Monroe County Public Safety Building and placed in an interview room for questioning.  Prior to questioning, Sergeant Matthew McGrath of the Monroe County Sheriff's Department asked the defendant whether or not he could read and write English, to which Gray responded that he could.  Thereafter, McGrath advised Gray of his Miranda rights by reading those rights to him.  Gray stated that he understood his rights, and agreed to talk to McGrath.  McGrath interviewed Gray for approximately 20 minutes, after which he prepared a written statement paraphrasing what Gray had told him.  After reviewing the statement, Gray signed it as written.

<u>DISCUSSION</u>

<u>Defendant's Motion to Suppress</u>.

A.  <u>The Police had Probable Cause to Stop and Arrest the
    Defendant</u>

Defendant moves to suppress statements made to police officers on grounds that the police lacked reasonable suspicion to stop him, and lacked probable cause to arrest him.  He contends that because

4

there was no probable cause to arrest him, the statements he made following his arrest must be suppressed.

I find, however, for the reasons stated in Judge Payson's Report and Recommendation, that the police had probable cause to arrest Gray after he fled from officers and discarded a plastic baggie containing marijuana. I agree with Judge Payson's conclusion that while there was no reasonable suspicion to support a stop of the defendant at the time Officer Munoz approached Gray on the street, probable cause to arrest arose when, during the course of defendant's flight from Munoz, Munoz observed the defendant discard a plastic baggie containing what appeared to be marijuana. As noted by Judge Payson, pursuant to the Supreme Court's decision in California v. Hodari D., 499 U.S. 621 (1991), and the recent Second Circuit Court of Appeals decision in United States v. Swindle, 407 F.3d 562 (2nd Cir. 2005), even if the initial attempted stop of a defendant is not constitutionally authorized, reasonable suspicion to stop a defendant will arise if the police observe apparently illegal behavior while trying to apprehend a fleeing suspect. See June 9, 2005 Report and Recommendation at pp. 7-9. Once Officer Vasquez discovered that the baggie apparently discarded by the defendant contained what appeared to be marijuana, the police had probable cause to arrest the defendant. Additionally, with respect to statements made by the defendant during the course of his interview with Sergeant

McGrath, because the defendant was lawfully detained and arrested, and because he was properly advised of his <u>Miranda</u> rights and knowingly waived those rights, I find no basis for suppressing those statements.

    B.   <u>Alleged Miranda Violations</u>

Defendant contends that the statements he made while being held in the police car must be suppressed on grounds that he had not been given his <u>Miranda</u> warning prior to making those statments. I find, however, as did Judge Payson, that the statements defendant seeks to suppress were statements that were spontaneously made by the defendant, and therefore, use of those statements does not violate his Fifth Amendment Rights. <u>See</u> June 9, 2005 Report and Recommendation at pp. 11-12. As Judge Payson noted, the Supreme Court in <u>Miranda</u> held that statements voluntarily made while a defendant is in custody and which are not the product of an interrogation are admissible even if the defendant has not been advised of his or her right to remain silent. <u>Id.</u> at 11-12 (citing <u>Miranda v. Arizona</u>, 384 U.S. 436, 478 (1966). Accordingly, I deny defendant's motion to suppress statements made to Officer Vasquez while he was seated in Vasquez's patrol car.

<u>CONCLUSION</u>

For the reasons set forth above, I affirm and adopt Judge Payson's Report and Recommendation in its entirety, and deny defendant's motion to suppress.


ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
    Michael A. Telesca
United States District Judge

DATED:     Rochester, New York
           September 9, 2005